KUNSEMILLER et al. v. HILL.[1]

(Circuit Court of Appeals, Eighth Circuit. March 21, 1898.)

No. 917.

APPEAL AND ERROR—FINDINGS AND DECREE.

In determining whether the evidence justifies the finding and decree, they are to be taken as presumptively correct, and, unless it clearly appears from the record that some mistake has been made in the consideration of the evidence, the decree should not be disturbed.

Appeal from the Circuit Court of the United States for the District of Colorado.

Charles Hartzell (George P. Steele, on the brief), for appellants.
John T. Bottom, for appellee.

Before SANBORN and THAYER, Circuit Judges, and RINER, District Judge.

[1] Rehearing denied May 2, 1898.

RINER, District Judge. This is a suit in equity, brought by Zeph T. Hill, as receiver of the German National Bank of Denver, against Charles Kunsemiller, Jr., and Lilla G. Kunsemiller, his wife, to subject certain real estate described in the bill, the title to which stands in the name of Lilla G. Kunsemiller, to the satisfaction of a judgment recovered by Hill, as receiver, against Charles Kunsemiller, Jr. It is alleged in the bill that for more than 10 years prior to the appointment of the receiver, Charles Kunsemiller, Jr., had been in the employ of the German National Bank as bookkeeper, assistant cashier, and cashier; that while he was employed as assistant cashier and cashier of the bank, by means of overdrafts and loans to himself, he had wrongfully taken money from the bank, with which he purchased the property sought to be subjected to the payment of the judgment, and caused the same to be conveyed to his wife, without consideration, for the purpose of placing it beyond the reach of his creditors. The answer of the defendants admitted that a small portion of the money expended in the erection of the house built upon the lands was borrowed from the bank, but, with this exception, denied the allegations of the bill respecting the purchase of the lands and the improvements made thereon. It also denied that Lilla G. Kunsemiller was without estate, but, on the contrary, alleged that the property in controversy was purchased, and the improvements thereon made, almost entirely with her individual money. It was further denied that during the time Kunsemiller contracted the indebtedness to the bank he was unable to pay his debts, but his insolvency at the time the answer was filed was admitted. It was also denied that the property was acquired or that it was held in the manner or for the purpose alleged in the bill of complaint. At the final hearing a decree was entered in favor of the receiver, from which decree this appeal has been taken.

The first paragraph of the decree is as follows:

"(1) That the lands and premises conveyed by George J. Kindel to the defendant Lilla G. Kunsemiller on the 29th day of April, A. D. 1890, mentioned in the complainant's bill of complaint, and described as follows: 'Lots twenty-four (24), twenty-five (25), twenty-six (26), twenty-seven (27), twenty-eight (28), and twenty-nine (29), in block ten (10) of Tabor & Kindel's resubdivision of blocks ten (10) and eleven (11), in Sloan's Lake subdivision, as laid down in a certain map or plat on file in the office of the clerk and recorder of that said county of Arapahoe, and state of Colorado,'—together with all improvements thereon, are held by the said Lilla G. Kunsemiller as trustee for her co-defendant, Charles Kunsemiller, Jr., and are subject, in equity, to the payment of the judgment heretofore, and on, to wit, the 13th day of December, A. D. 1895, recovered in this court by the complainant against the said Charles Kunsemiller, Jr., for the sum of nine thousand seven hundred and forty-seven dollars and twenty cents ($9,747.20), after the said defendant Lilla G. Kunsemiller shall have first been paid out of the first proceeds of the sale of the said lands and premises the sum of eight hundred and seventy dollars and fifty-five cents ($870.55), as hereinafter mentioned."

The decree then provides for the advertisement and sale of the premises under the direction of a master, and for the application of the proceeds thereof in conformity with the finding made therein.

It is insisted by the appellants that the decree was in favor of the wrong party; that the finding and decree of the circuit court were

in favor of the appellee, when they should have been in favor of the appellants. The only question presented by the record is a question of fact,—did the evidence considered by the circuit court justify the finding and decree? In determining this question the finding and decree must be taken as presumptively correct, and, unless it clearly appears from the record that some mistake has been made in the consideration of the evidence, the decree should not be disturbed. The rule to be applied is clearly stated in the case of Crawford v. Neal, 144 U. S. 585, 596, 12 Sup. Ct. 759, where it is said:

"The cause was referred to a master to take testimony therein, and to report to this court his findings of fact, and his conclusions of law thereon. This he did, and the court, after a review of the evidence, concurred in his finding and conclusions. Clearly, then, they are to be taken as presumptively correct, and, unless some obvious error has intervened in the application of the law, or some serious or important mistake has been made in the consideration of the evidence, the decree should be permitted to stand."

See, also, Tilghman v. Proctor, 125 U. S. 136, 8 Sup. Ct. 894; Kimberly v. Arms, 129 U. S. 512, 9 Sup. Ct. 355; Warren v. Burt, 12 U. S. App. 591, 7 C. C. A. 105, and 58 Fed. 101; Paxson v. Brown, 27 U. S. App. 49, 10 C. C. A. 135, and 61 Fed. 874.

We do not deem it at all necessary to here review the testimony at length. It is sufficient to say that, after a thorough examination of the record, with the aid afforded by the arguments and briefs of counsel, we are unable to hold that the evidence did not justify the finding and decree made and entered by the circuit court. The decree, therefore, will be affirmed.